■ Joseph B. Cooper & Sons, Inc., Respondent, v. James Talcott, Inc., Appellant.— Order entered April 16, 1968, denying motion to dismiss complaint, unanimously reversed, on the law, and complaint dismissed, with $50 costs and disbursements to appellant. To the extent that plaintiff relies on the New Jersey statute quoted in part in the complaint (N. J. Stat. Ann. § 14:14-2), the action would seem to be barred since financing statements under the Uniform Commercial Code had been filed before creation of the indebtedness due plaintiff from American Setting, its customer. If the New Jersey statute is put aside (but see *James* v. *Powell,* 19 N Y 2d 249, 256) and the action taken as one for "a money recovery from the defendant as a tort feasor", to quote from plaintiff's brief, it is significant that the complaint alleges no more than that plaintiff is a simple contract creditor of American Setting (see *Northville Dock Corp.* v. *Aller,* 15 A D 2d 947, affd. 15 N Y 2d 498). Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.

■ William Glatzer, Respondent, v. Richard Woike, Appellant.— Order entered on May 5, 1966 unanimously reversed, on the law and the facts, and the complaint dismissed for failure to prosecute, without costs or disbursements. After joinder of issue on April 30, 1957, and completion of pretrial proceedings by mid-1960, the record shows no action on plaintiff's part until his response, six days late, to a 45-day notice served on him pursuant to CPLR 3216 on February 4, 1966. The extraordinary delay is not excused by the fact that defendant had apparently theretofore been without means to satisfy a judgment, nor is there a sufficient demonstration that plaintiff has a meritorious cause of action. Concur — Botein, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.